IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIMBERLY MALLETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:21-cv-616 (RDA/JFA) |
| DISNEY ENTERPRISES, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Recommendation") issued by then-Magistrate Judge Michael S. Nachmanoff on June 2, 2021. Dkt. 5.[1] For the reasons that follow, the Court approves and adopts the Recommendation and dismisses this civil action.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint in this Court alleging that Disney Pixar Films and Disney Enterprises used her "features, characteristics and intellect" when producing the 2012 film *Brave*. Dkt. 1 at 2. Among other requested relief, Plaintiff seeks $135 million dollars in damages and a judicial determination that she is the rightful owner of the movie's trademark and copyright.[2]  *Id.* at 1.

In support of these allegations, Plaintiff recites what she claims is her life story, drawing comparisons between her own experiences and that of the main character in *Brave*. She claims

---

[1] Following Judge Nachmanoff's confirmation as United States District Judge, this action was reassigned to Magistrate Judge John F. Anderson.

[2] Plaintiff states in her Complaint that she is also "suing for . . . [her] intellects back" and for "relief of [her] soul." *Id.* at 2.

that she was raised by a man with the nickname Yogi Bear; wears her red, curly hair with one lock down and in a bun; and was given up for adoption by her biological parents, former President and First Lady Bill and Hillary Clinton. *Id.* at 2-3. According to Plaintiff, the Clintons "wanted to hide [her] in jails and homeless shelters to prove [she] wasn't theirs" and to retain profits from the movie, music, and business associated with *Brave*. *Id.* at 2. In addition, Plaintiff states that Disney, directors, and employees are familiar with her and "had no right to follow [her] life." *Id.* at 7-8.

On May 19, 2021, Plaintiff filed suit in this Court. Dkt. 1. She has also applied to proceed *in forma pauperis* and requested that the Court appoint her counsel. Dkt. Nos. 3; 4. Judge Nachmanoff recommended that the Court dismiss Plaintiff's Complaint on June 2, 2021. Dkt. 5. Plaintiff then filed objections to the Recommendation on June 14 and June 16, 2021. Dkt. Nos. 6; 7. This matter is now ripe for review.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), federal district courts are obligated to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006). A court must dismiss a case at any time if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standards for dismissal pursuant to section 1915(e)(2)(B)(ii) are the same as those for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, to survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Further, "a judge must accept as true all of the factual allegations contained in the complaint" and accord a liberal construction to a *pro se* litigant's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.").

### III. ANALYSIS

After screening the allegations in Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), Magistrate Judge Nachmanoff concluded that her claims are insufficient to state a valid claim for relief:

> Plaintiff's Complaint appears to allege a claim of copyright infringement based on the use of her life story in a Disney Enterprises movie. The Complaint, however, does not contain sufficient factual allegations to permit the Court to determine whether Plaintiff has a colorable claim, nor does Plaintiff cite any statute or rule that might support her claim for relief. The Court, therefore, finds that the pleading is too vague and conclusory to state a claim upon which relief can be granted and appears otherwise frivolous.

Dkt. 5 at 1-2. Objecting to this Recommendation, Plaintiff attempts to distinguish the facts of her case from those Judge Nachmanoff cited, arguing that "none of those cases had anything to do with mine" and that "each case is individual." Dkt. 6 at 2-3. She alleges that her Complaint has a factual basis and that her claims are not "clearly baseless." *Id.* at 3-4. In a separately filed objection, Plaintiff states that dismissing her action would deprive of her damages related to her adoption that she learned of last year. Dkt. 7 at 1.

Having conducted a *de novo* review of Plaintiff's timely filed objections, the Court concludes that her factual allegations are either too vague or conclusory to state a valid claim for

relief or are otherwise frivolous.[3] The allegations in her Complaint strain credulity. Even affording her claims a liberal construction, the Court is duty-bound to dismiss frivolous complaints like the one Plaintiff has brought. *See Robinson v. Obama*, No. 1:11-cv-808, 2011 WL 13196128, at *1 (E.D. Va. Aug. 3, 2011) ("A claim is factually frivolous if it depicts 'fantastic or delusional scenarios,' or where 'the facts alleged rise to the level of the irrational or the wholly incredible.'") (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Here, Plaintiff alleges that Disney Enterprises conspired with Bill and Hillary Clinton to produce a film based on her life and did so without her permission, resulting in millions of dollars in damages to Plaintiff. *See generally* Dkt. 1. The Court finds that Plaintiff's allegations are factually frivolous because they are "wholly incredible." *Denton*, 504 U.S. at 33. The Complaint will therefore be dismissed.

## IV. CONCLUSION

Having reviewed Plaintiff's objections, the record, and Judge Nachmanoff's Recommendation, the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 5); and it is

FURTHER ORDERED that Plaintiff's Motion Leave to Proceed *In Forma Pauperis* (Dkt. 3) is DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel (Dkt. 4) is DENIED as MOOT; and it is

---

[3] In addition to her two timely filed objections, Plaintiff also filed two additional documents after the fourteen-day deadline to object to Judge Nachmanoff's June 2, 2021 Recommendation had passed. *See* Dkt. 8 (filed June 22, 2021); Dkt. 9 (filed July 1, 2021). To the extent these submissions constitute objections to the Recommendation, they are not properly before the Court because they were not filed within the fourteen-day timeline prescribed by the Federal Rules. Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

FURTHER ORDERED that this action is DISMISSED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to Plaintiff, *pro se*, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
November 24, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge